NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDAL JEROME DALAVAI,

Plaintiff-Appellant,

v.

UNIVERSITY OF CALIFORNIA SAN
DIEGO HEALTH, AKA UC San Diego
Health, Hospital entity unknown; et al.,

Defendants-Appellees.

No.    23-55411

D.C. No.
3:22-cv-01471-CAB-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 14, 2024[**]
Pasadena, California

Before:  OWENS, BADE, and FORREST, Circuit Judges.

Randal Jerome Dalavai appeals from the district court's sua sponte dismissal

with prejudice, for lack of standing, of his pro se suit as an individual under the

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

We review de novo a district court's standing determination. *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 (9th Cir. 2020). We construe pro se complaints liberally. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

The district court dismissed Dalavai's complaint for lack of Article III standing—specifically because Dalavai had not alleged an injury to himself as an individual—and denied his request for leave to amend to cure the standing issue. Although Dalavai did not allege an injury to himself as an individual in his original complaint, he filed a response to the district court's order to show cause alleging over $35,000 in burial costs, which is sufficient to constitute injury for Article III purposes. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'" (citing *McGowan v. Maryland*, 366 U.S. 420, 430–31 (1961))).

In still dismissing Dalavai's claim, the district court apparently confused a cause-of-action problem for a standing problem. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1109 (9th Cir. 2014) ("Article III 'standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975))); *Lexmark Int'l, Inc.*

*v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014) (distinguishing standing from cause-of-action issues because "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction" (citations omitted)).  The question of whether Dalavai has a cause of action as a nonpatient under EMTALA is distinct from whether he has Article III standing.

Moreover, no defendant appeared in the district court to answer Dalavai's complaint.  Dalavai sued University of California San Diego Health instead of the Regents of the University of California (its governing body), which would have been the proper defendant.  *See* Univ. of Cal. Off. of the President, Service of Process on the Regents, https://www.ucop.edu/uc-legal/guidance/index.html (last visited July 10, 2024).  Although Dalavai also named Inland Valley Medical Center ("IVMC") as a defendant in this case, during the district court proceedings in a related appeal, *Dalavai v. The Regents* (No. 23-55412), he conceded that IVMC did not violate EMTALA.  As a result, we vacate and remand to the district court to determine in the first instance whether Dalavai properly sued any defendants and, if so, whether he sufficiently alleged standing under the correct analysis.

**VACATED AND REMANDED**.